William COOPER, Appellant,

v.

Dean MINOR, et al., Respondents.

No. SC 81398.

Supreme Court of Missouri,
En Banc.

April 25, 2000.

Rehearing Denied May 30, 2000.

---

William Cooper, Moberley, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Megan L. Brackney, Asst. Atty. Gen., Jefferson City, for Respondents.

**WILLIAM RAY PRICE, Jr., Chief Justice.**

Appellant's petition was dismissed on the ground that it was time-barred by section 516.145, RSMo 1994.[1] We hold (1) appellant's cause of action accrued no later than his last day of segregation; (2) appellant's cause of action was not tolled by filing administrative grievances; and (3) section 516.145 is constitutional. This Court has jurisdiction pursuant to article V, section 3 of the Missouri Constitution. We affirm.

**I.**

William Cooper ("appellant") is an inmate in the custody of the Missouri Department of Corrections. On May 21, 1997, and May 22, 1997, corrections officials confiscated certain legal papers (unrelated to this suit) from appellant while he was on the "yard" during recreation time. He received conduct violation reports for each of these two days. As a result, he was assigned to a segregation unit from May 23, 1997, to July 7, 1997. Appellant challenged the prison officials' actions in confiscating his papers and the amount of time assessed in segregation. The prison's administrative grievance process requires an inmate to file informal resolution requests, grievances, and grievance appeals before the process is exhausted and the inmate can file suit in court. Appellant satisfied these requirements and

received negative responses to the grievance appeals on September 30, 1997. Appellant, however, filed a second appeal on each of the three grievance appeals. This filing continued the administrative remedy process. The last of these second appeals was resolved on April 21, 1998.

On July 15, 1998, appellant filed a "Petition for Declaratory Judgment." On December 10, 1998, respondents filed a motion to dismiss Appellant's petition on the ground that it was time-barred by section 516.145.[2] The trial court sustained the motion to dismiss.

**II.**

Appellant argues on appeal that: 1) the trial court incorrectly determined the cause of action's accrual date; 2) his cause of action was tolled by filing administrative grievances; and 3) section 516.145 is unconstitutional.

**a.**

We must review appellant's petition to determine what claims are made and what facts are the basis for those claims in order to determine if any claims are time barred. Appellant's petition contains the following claims: 1) imposing disciplinary segregation in excess of ten days for minor and nonserious rule violations; 2) not crediting appellant with days spent in segregation; 3) failing to convene a three-member disciplinary hearing as required by section 217.335; 4) referring minor and nonserious conduct violations to an adjustment officer in violation of section 217.380.2; 5) placing prisoners in solitary confinement in violation of section 217.375.1; 6) finding prisoners guilty of law related activities or legally authorized conduct; 7) confiscating appellant's legal papers; 8) illegally assigning prisoners to disciplinary segregation and requiring

---

**1.** All statutory references are to RSMo 1994, unless otherwise noted.

**2.** Section 516.145 states that "all actions brought by an offender ... against the depart-

ment of corrections ... or any employee ... for an act in an official capacity, or by the omission of an official duty" must be brought within one year.

reassignment to prison general population due to unconstitutional overcrowding in violations of sections 217.010(6) and 217.380(2); 9) forcibly double-celling prisoners in disciplinary segregation or solitary confinement; 10) failing to implement an accessible and adequate grievance system; and 11) overcrowding the prison system by denying parole releases.

■ Appellant's pro se petition is difficult to interpret. His facts and claims are independently stated, without relating one to the other. To the best of our understanding, claims 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10, above, arise from the confiscation of appellant's legal papers and the assessment or conditions of segregation time against him. For the reasons stated below, these claims are time barred. Appellant's eleventh claim is a bare and conclusory statement without sufficient factual information plead to support it. *See Martin v. City of Washington*, 848 S.W.2d 487 (Mo. banc 1993). The circuit court was correct in dismissing appellant's petition.

### b.

■ Section 516.145 provides that all actions brought by an offender against the department of corrections or its employees shall be brought within one year. Section 516.100 provides that a cause of action shall be deemed to accrue "when the damage resulting therefrom is sustained and is capable of ascertainment...." To the extent appellant bases his claim on the confiscation of his legal papers, he was damaged on May 21, 1997, and May 22, 1997. To the extent appellant bases his claim on improper amount of time spent in segregation or the conditions of his segregation, he was damaged no later than his last day of segregation, July 7, 1997. Appellant makes no argument to the contrary nor that the alleged wrongs were not capable or ascertainment as of those dates. Indeed, it was appellant's ascertainment of these alleged damages that gave rise to the filing of the grievances on May 23, 1997, May 29, 1997, and June 4, 1997.

Appellant did not file this action until July 15, 1998, more than one year later. Appellant did not fulfill the requirements of section 516.145 by filing his suit within one year.

### III.

Even though appellant failed to file suit within the time limitation, he argues the statute of limitations was tolled because he was pursuing administrative remedies. The Missouri prisoner litigation reform act requires exhaustion of administrative remedies prior to filing a civil action, but does not provide a tolling provision while the administrative remedies are being pursued. Section 506.384.1, RSMo Supp.1999. Although no specific statutory provision tolls section 516.145, appellant nonetheless argues the legislature intended that section 516.145 be tolled. Appellant relies on a combined reading of sections 516.100, 516.103, 506.384.1, RSMo Supp.1999, and 510.125.1, RSMo Supp.1999, to reach this conclusion.

Section 516.100 provides that "[c]ivil actions, other than those for the recovery of real property, can only be commenced within the periods prescribed ... after the causes of action shall have accrued." Section 516.103 provides that for actions on penal statutes, the statute of limitations "shall not be tolled by the filing or pendency of any administrative complaint or action and no such suit may be brought or maintained unless commenced within the time prescribed by" sections 516.380, 516.390, and 516.400. Section 506.384.1, RSMo Supp.1999, provides that "[n]o civil action may be brought by an offender, except for a constitutional deprivation, until all administrative remedies are exhausted." Finally, section 510.125.1, RSMo Supp.1999, provides that for lawsuits filed by incarcerated offenders of this state, "the court shall stay such case until the offender has exhausted such administrative remedies as are described in this section and are available to the offender."

Appellant develops no argument as to how these statutes, when read together, authorize the tolling of section 516.145 during the administrative remedy process. "The statute of limitations may be suspended or tolled only by specific disabilities or exceptions enacted by the Legislature and the courts are not empowered to extend those exceptions." *Wilkinson v. Bennett Const. Co.*, 442 S.W.2d 166, 168 (Mo.App.1969).

We acknowledge that section 506.384.1 and section 510.125.1 appear self-contradictory. It is our obligation to harmonize these provisions by reading them in pari materia. *See State ex rel. Rothermich v. Gallagher*, 816 S.W.2d 194, 200 (Mo. banc 1991). In this instance this may be done by allowing suit to be filed, but requiring that any action on the suit be stayed pending the exhaustion of administrative remedies.[3] Thus, the remedy provided by the legislature for circumstances where an individual is unable to exhaust his or her administrative remedies prior to the running of the statute of limitation is a stay of a timely filed lawsuit, not the tolling of a statute of limitations. Appellant makes no showing why he did not file suit after his grievance was initially denied on September 30, 1997, or that he attempted to timely file suit and seek a stay pending his second grievance appeal.

## IV.

Appellant finally argues that section 516.145 is unconstitutional because it violates 1) right of access to the courts; 2) equal protection; 3) procedural due process; and 4) the prohibition against special legislation. "There is no question that the legislature has the authority to enact statutes of limitation...." *Magee v. Blue Ridge Professional Bldg. Co., Inc.*, 821 S.W.2d 839, 845 (Mo. banc 1991) (citation omitted). Appellant does not distinguish this case from our previous decisions in *Blaske v. Smith & Entzeroth, Inc.*, 821 S.W.2d 822 (Mo. banc 1991), and *Magee*. There is no need to repeat the analysis stated in those opinions that rejects appellant's claims here. Furthermore, the remedy provided in section 510.125.1, RSMo Supp.1999, adequately protects against the statute of limitations running prior to exhausting administration remedies.

Section 516.145 does not violate article I, sections 2, 10, and 14, or article III, section 40(6) of the Missouri Constitution nor the 14th Amendment to the United States Constitution. The circuit court properly dismissed appellant's petition and entered judgment against him.

## V.

The judgment of the circuit court is affirmed.

All concur.

---

3. We also note that unreasonable delay on the agency's part is an exception to the exhaustion requirement. *See generally* Alfred S. Neely, *Missouri Practice: Administrative Practice & Procedure* section 13.04 (2d ed.1995) (discussing exhaustion doctrine and its exceptions).