STATE of Missouri, Plaintiff–
Respondent,

v.

Charles D. THORNTON, Defendant–
Appellant.

No. 23193.

Missouri Court of Appeals,
Southern District,
Division Two.

June 21, 2000.

Ellen H. Flottman, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Linda Lemke, Asst. Atty. Gen., Jefferson City, for respondent.

PHILLIP R. GARRISON, Chief Judge.

Charles D. Thornton ("Defendant") was charged, as a prior and persistent sexual offender, with two counts of deviate sexual assault in violation of Section 566.070, RSMo 1994, and one count of forcible sodomy in violation of Section 566.060, RSMo Cum.Supp.1998. A jury found Defendant guilty on all counts, and he was sentenced to consecutive terms of ten years on each count of deviate sexual assault, and thirty years on the count of forcible sodomy. Defendant appeals his convictions, asserting that the trial court erred in overruling his motions for judgment of acquittal at the close of the State's case and at the close of the evidence, and in overruling defense counsel's objections to the prosecutor's closing argument.

■ Since Defendant contests the sufficiency of the evidence supporting his convictions, appellate "review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt." *State v. Chaney*, 967 S.W.2d 47, 52 (Mo. banc 1998), *cert. denied*, 525 U.S. 1021, 119 S.Ct. 551, 142 L.Ed.2d 458 (1998). In applying this standard, the Court accepts as true all of the evidence favorable to the State, including all favorable inferences drawn from the evidence, and disregards all evidence and inferences to the contrary. *Id.* Viewed in this light, the evidence most favorable to the verdicts shows:

On Monday, February 1, 1999, T.S.[1] turned himself in at the Pettis County jail on two warrants. He was put in an eight-man cell with several other inmates, including Defendant. From the start of T.S.'s incarceration, Defendant treated T.S. with special attention, getting meals for him and giving him commissary items.

On February 3, 1999, T.S. awoke when he felt something moving along his ribs to his waist. He flinched, rolled over, and saw Defendant walking away from his bunk. On February 4, 1999, T.S. again awoke to find Defendant touching his side. Defendant put his finger on his mouth and told T.S. to be quiet. Defendant fondled T.S. for approximately five minutes, then proceeded to pull T.S.'s pants down and engage in anal intercourse with him. T.S. tried to flinch away from Defendant and told Defendant to stop, but Defendant continued. The following morning, Defendant wrote T.S. a note telling him that if he told anyone what had transpired, Defendant would hurt him, and also stated that when T.S. went to bed the next night to make sure his pants were around his knees.

On both February 5 and 6, 1999, Defendant woke T.S. and sexually assaulted him. T.S. again asked Defendant to stop, but Defendant did not. The following night, T.S. stayed up all night in the common area talking with other inmates and watching television. This angered Defendant, who told him that if he "ever played him like that again that he was going to beat [him] like he beat up the guy when he was in jail with a sock and some soap in the sock." On February 8, Defendant sexually assaulted T.S. again.

Defendant was moved out of the cell on February 8, 1999, after an inmate caught

---

1. We use initials to protect the privacy of the victim. We mean no disrespect.

Defendant with his hand under T.S.'s blanket near T.S.'s buttocks, and reported it. Upon being questioned by the police, T.S. revealed that Defendant had sexually assaulted him. Subsequently, T.S. was examined by Dr. Gary Eaton ("Dr. Eaton"), an emergency room physician, who reported that T.S.'s rectum had been torn, that the injury was caused by something being forced into the rectum, and that the injury was a minimum of fifteen to thirty-five hours old.

Following a jury trial, Defendant was found guilty of two counts of deviate sexual assault and one count of forcible sodomy, and he was subsequently sentenced, as indicated earlier. He now appeals.

In his first point on appeal, Defendant alleges that the trial court erred in overruling his motions for judgment of acquittal at the close of the State's case, and at the close of all the evidence because the State failed to prove beyond a reasonable doubt that Defendant was guilty of the two counts of deviate sexual assault. Defendant contends that the evidence shows only that Defendant and T.S. had anal intercourse, and does not demonstrate that Defendant knew of T.S.'s lack of consent to the act.

■ In the instant case, there was sufficient evidence from which the trier of fact could have concluded that Defendant knew that T.S. did not consent to the sexual acts. T.S. testified that he "flinched out of the way" the first time Defendant climbed into his bunk and began assaulting him and that Defendant "kept pulling" T.S. toward him. T.S. also stated that on all four occasions he told Defendant to stop. T.S. further indicated that Defendant wrote him notes threatening to hurt him if he told anyone about the incidents and that Defendant threatened to beat him if he made himself unavailable to Defendant. This evidence is more than sufficient to establish that Defendant knew that T.S. did not consent to the anal intercourse that formed the basis of the two counts of deviate sexual assault. *See State v. Caul-*

*field,* 885 S.W.2d 349, 352 (Mo.App. W.D. 1994) (evidence indicating that the victim of a sexual assault repeatedly refused defendant's sexual requests and removed defendant's hand from her pants was sufficient to establish that the defendant knew that the victim did not consent to the act). Defendant's first point is therefore denied.

■ In Defendant's second point, he alleges that the trial court erred and abused its discretion in overruling defense counsel's objections to the prosecuting attorney's closing argument. Defendant contends that the prosecuting attorney injected into the minds of the jurors matters not proper for their consideration in that the prosecuting attorney "mischaracterized" the testimony of Dr. Eaton and "asserted that it proved what it did not."

■ A trial court has broad discretion in its control of closing arguments. *State v. Hope,* 954 S.W.2d 537, 542 (Mo.App. S.D.1997). A trial court's ruling should not be disturbed upon appeal unless that discretion has been clearly abused. *State v. Kriebs,* 978 S.W.2d 460, 466 (Mo.App. S.D.1998). Abuse of discretion occurs when a trial court's ruling is:

> clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration; if reasonable [persons] can differ about the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.

*State v. Brown,* 939 S.W.2d 882, 883–84 (Mo. banc 1997).

In the instant case, the prosecuting attorney in his rebuttal argued, in pertinent part:

> MR. MITTLEHAUSER: Despite the lack of evidence, despite the total lack of proof that [T.S.] is lying, the defense attorney insists that he is. And if you have any question about that you need look no further than an important piece

of evidence. But for understandable reasons the defense attorney doesn't even mention it in her closing argument and that is the testimony of [Dr. Eaton]. Dr. Eaton examined [T.S.]. He saw the evidence of injury that is consistent with [T.S.'s] statement, consistent with his version of what happened.

MS. BROWN: Objection, Your honor. That was not the testimony.

THE COURT: The jury will recall the evidence. Proceed please.

MR. MITTLEHAUSER: What was [sic] his exact words? An object forced inside from the outside. Forced inside from the outside. An object that was forced into [T.S.]. That's what the doctor saw. That's the undisputed medical evidence. The medical evidence that substantiates and corroborates the testimony that these acts were done without his consent, that these acts were done with force.

MS. BROWN: Objection.

MR. MITTLEHAUSER: There is no denying the persuasive nature of that testimony. That corroborates everything that [T.S.] told you.

 An argument is proper if it can reasonably be inferred from the evidence. *State v. Smith*, 944 S.W.2d 901, 917 (Mo. banc 1997), *cert. denied*, 522 U.S. 954, 118 S.Ct. 377, 139 L.Ed.2d 294 (1997). In addition, a trial court may allow an attorney to draw non-evidentiary conclusions as long as such conclusions can be fairly justified as inferences drawn from the evidence. *Kriebs*, 978 S.W.2d at 466.

In the instant case, the trial court did not clearly abuse its discretion in allowing the prosecuting attorney to make the aforementioned argument. Dr. Eaton's testimony corroborated T.S.'s testimony concerning the sexual assaults. Dr. Eaton testified that the tear in T.S.'s rectum could have been between fifteen to thirty-five hours old when he examined him on the afternoon of February 9, 1999, which led support to T.S.'s testimony that the last sexual assault occurred early in the morning on February 8, 1999. Furthermore, Dr. Eaton testified that T.S. had better muscle tone than he would expect to see in a practicing homosexual and that the tear in T.S.'s rectum was the result of force. This corroborated T.S.'s testimony that he was not a practicing homosexual and that he did not consent to the anal intercourse. Thus, the prosecuting attorney's statements and conclusions in his rebuttal were justified in light of the evidence. Defendant's second point must be denied.

The judgment of the trial court is affirmed.

PREWITT, J., and BARNEY, J., concur.