**Paula BRUMFIELD, Claimant–Appellant,**

v.

**DIVISION OF EMPLOYMENT SECURITY, Respondent–Respondent.**

**No. 24311.**

Missouri Court of Appeals, Southern District, Division One.

Sept. 28, 2001.

Paula Brumfield, pro se.

Marilyn Green, Cynthia Quetsch, Jefferson City, for respondent.

SHRUM, Presiding Judge.

Paula Brumfield ("Appellant") filed a claim for unemployment benefits with the Missouri Division of Employment Security ("Division"). Division ruled Appellant was ineligible for benefits, and she appealed to the Appeals Tribunal. After an evidentiary hearing before the Appeals Tribunal, the decision of Division was affirmed. Thereon, Appellant filed a timely appeal with the Labor and Industrial Relations Commission ("Commission"). Following Commission's review, it affirmed the decision of the Appeals Tribunal. The instant appeal followed. This court dismisses the appeal.

Appellant appeals *pro se*. Commission has moved for dismissal of the appeal because Appellant failed to comply with Rule 84.04 briefing requirements.

We reproduce Appellant's "brief" in its entirety (except for the caption page):

*"STATEMENT OF FACTS*

"I, Paula Brumfield was laid off work from Diversified Plastics Inc. on February 8, 2001 and was called by to work on March 1, 2001. I reported to the Division of Employment Security and was told I needed to make two (2) job searches. I made my 2 job searches each week. I went too many places like restaurants, convenient stores, etc. I was looking for any type of work on any day Sunday thru Saturday. I was offered and took a job where I work weekends and holiday's now.

"The Division of Employment Security said I was not available for work fore the reason I attended Ozarks Technical Community College 8 hours a week on Tuesday and Thursday from 8:00 A.M. to 11:50 A.M.

"The Division of Employment Security is looking at a work week as Monday

thru Friday, and actually there are many jobs where you have to work weekends and holidays.

## ARGUMENTS

"I found a few sections of the Labor and Industrial Relations for Employment Security that I feel applies to my case. They are

288.030

288.040

288.055

## CONCLUSION

"I feel I was able and available for work at the beginning of the calendar week meaning Sunday thru Saturday. So that is why I should get my back unemployment.

Sincerely,

[signature]

Paula Brumfield"

Appellant is fully entitled to proceed *pro se*. *Libberton v. Phillips*, 995 S.W.2d 66, 67 (Mo.App.1999). In doing so, however, she is bound "by the same rules of procedure as those admitted to practice law and is entitled to no indulgence she would not have received if represented by counsel." *Johnson v. St. Mary's Health Center*, 738 S.W.2d 534, 535[1] (Mo.App.1987).

As is abundantly clear, Appellant's brief shows flagrant violations of every applicable provision of Rule 84.04.[1] Appellant's brief fails to contain the following:

1. A detailed table of contents. Rule 84.04(a)(1).

2. A jurisdictional statement. Rule 84.04(a)(2) and (b).

3. An adequate statement of facts. Rule 84.04(a)(3) and (c).

4. Any points relied on. Rule 84.04(a)(4) and (d).

5. Relevant citations of authority. Rule 84.04(d)(5).

6. An argument. Rule 84.04(a)(5) and (e).

7. Specific page references to the legal file or transcript. Rule 84.04(i).

As demonstrated by the verbatim recital, *it would indeed be a Herculean task to* characterize Appellant's brief as anything but falling woefully short of any reasonable compliance with Rule 84.04. "A failure to substantially comply with Rule 84.04 preserves nothing for appellate review." *Burton v. Tucker*, 937 S.W.2d 775, 776[2] (Mo.App.1997). Allegations of error not properly briefed "shall not be considered in any civil appeal." Rule 84.13(a).

In *Libberton*, 995 S.W.2d 66, *State ex rel. Div. of Child Support Enforcement v. Hinojos*, 993 S.W.2d 581 (Mo.App.1999), and *Burton*, 937 S.W.2d 775, appeals were dismissed for similar Rule 84.04 violations. Accordingly, we dismiss the appeal.

MONTGOMERY, J., CONCURS.

BARNEY, C.J., CONCURS.

---

1. All rule references are to Supreme Court Rules (2001), unless otherwise indicated.