IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 14, 2004

## FRANK A. McCRAY v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Davidson County**
**No. 88-F-2384     J. Randall Wyatt, Jr., Judge**

_____

**No. M2002-03025-CCA-R3-PC - Filed February 9, 2004**

_____

The petitioner filed a petition for post-conviction relief and petition for DNA analysis under the Post-Conviction DNA Analysis Act of 2001. The post-conviction court denied the petitioner's request for DNA analysis and did not rule on the post-conviction relief claim. The post-conviction relief issue has been waived. The petitioner is not entitled to DNA analysis because he has failed to meet all of the criteria set forth in the statute. The judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Dwight Scott, Nashville, Tennessee, for the appellant, Frank McCray.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Michael D. Rohling, Assistant District Attorney, for the appellee, State of Tennessee.

## OPINION

The petitioner, Frank A. McCray, was convicted by a Davidson County jury on one count of first degree murder and ordered to serve a life sentence with the Tennessee Department of Correction. This appeal concerns a petition for post-conviction relief and petition for DNA analysis under the Post-Conviction DNA Analysis Act of 2001, filed on January 7, 2002. Following a hearing, the post-conviction court denied the petitioner's request for DNA analysis. The petitioner contends on appeal that the post-conviction court erred in denying his petition for post-conviction relief regarding an erroneous jury instruction concerning premeditation and deliberation given by the trial court and denying his request for post-conviction DNA analysis.

**Facts**

The following factual background is taken from our opinion in the petitioner's direct appeal. State v. Frank A. McCray, No. 89-236-III, 1990 Tenn. Crim. App. LEXIS 519, at **1-6 (Tenn. Crim. App. at Nashville, Aug. 3, 1990). On May 5, 1988, a police officer called to the Hallmark Inn motel discovered a room with a broken window. Bloodstains were found throughout the room, and the sheets were missing from the bed. Later that day, the body of the victim, covered in bloodstained clothes, was found near a river. An autopsy revealed that the victim had died of multiple stab wounds. The victim had dated the petitioner in the past but had not seen the petitioner for about three months prior to this incident. On the day before she was killed, the petitioner showed up at the victim's house and wanted to talk to her. The victim's brother spoke with the petitioner while the victim remained inside the house. Room 128 at the Hallmark Inn was rented to the petitioner's brother on May 4. A motel employee saw two men enter Room 128 on the afternoon of May 4. The motel employee later heard a girl screaming but could not determine the location of the screams. The petitioner's brother testified that the petitioner stabbed the victim multiple times following an argument. He then described how the two of them attempted to clean up the motel room and disposed of the body near the river. The petitioner presented no proof at trial. The jury found him guilty of first degree murder, and he was ordered to serve a life sentence with the Tennessee Department of Correction.

On appeal, this Court affirmed the conviction. Frank A. McCray, 1990 Tenn. Crim. App. LEXIS 519, at *12. The petitioner subsequently sought post-conviction relief, and his petition was denied. On appeal, this Court affirmed the denial of the petition. Frank McCray v. State, No. 01C01-9108-CR-00255, 1992 Tenn. Crim. App. LEXIS 702 (Tenn. Crim. App., at Nashville, Sept. 11, 1992). On January 7, 2002, the petitioner filed another petition for post-conviction relief and petition for DNA analysis under the Post-Conviction DNA Analysis Act of 2001. No witnesses testified, and no exhibits were introduced at the post-conviction hearing. Following the arguments of counsel, the post-conviction court denied the petitioner's request for DNA analysis.

**Analysis**

The petitioner contends on appeal that the post-conviction court erred in denying his petition for post-conviction relief regarding a jury instruction given by the trial court concerning premeditation and deliberation and denying his request for post-conviction DNA analysis.

I.  Premeditation Jury Instruction

The petitioner claims in his petition for post-conviction relief filed on January 7, 2002, that he is entitled to relief based on a jury instruction given in his trial regarding premeditation and deliberation. A petition for post-conviction relief must be filed within one year of the final action of the highest state appellate court to which an appeal is taken, or, if no appeal is taken, within one year of the date on which the judgment became final or consideration of the petition is barred. Tenn. Code Ann. § 40-30-102(a). Time is of the essence in claiming post-conviction relief, and

compliance with the one-year statute is an element of the right to file a petition. Id. The statute itself provides three exceptions to the one-year statute of limitations: (1) when a new constitutional right has been recognized; (2) when the petitioner's innocence has been established by new scientific evidence; or (3) when a previous conviction that enhanced the petitioner's sentence has been held invalid. Id. § 40-30-102(b).

In making his claim, the petitioner relies on the case of State v. Brown, 836 S.W.2d 530 (Tenn. 1992). The petitioner submits that the jury instruction concerning premeditation and deliberation that was used in his case was identical to the one used in the Brown case. In Miller v. State, the Tennessee Supreme Court clearly stated that Brown "did not announce a new rule of constitutional law." 54 S.W.3d 741, 746 (Tenn. 2001). Even if it did, the petitioner's claim would be time barred as Brown was handed down in 1992. This issue was not argued at the post-conviction hearing or ruled on by the post-conviction court. This Court affirmed the petitioner's conviction on August 3, 1990. State v. Frank A. McCray, No. 89-236-III, 1990 Tenn. Crim. App. LEXIS 519 (Tenn. Crim. App., at Nashville, Aug. 3, 1990). The petitioner has not raised a claim that is recognized as an exception to the one-year statute of limitations. The post-conviction petition filed on January 7, 2002, is obviously time barred. Additionally, the petitioner has already filed a petition for post-conviction relief that was heard in 1991. Subject to limited exceptions, the Post-Conviction Procedure Act allows only one petition for post-conviction relief to be filed. Tenn. Code Ann. § 40-30-102(c). This issue is without merit.

II. Post-Conviction DNA Analysis

The petitioner filed a petition for DNA analysis pursuant to Tennessee Code Annotated section 40-30-303, and the petition was denied by the post-conviction court. The Post-Conviction DNA Analysis Act of 2001 provides that "a person convicted of and sentenced for the commission of first degree murder . . . may at any time, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution . . . ." Tenn. Code Ann. § 40-30-303. There is no statute of limitations. Id. By the terms of the Act, trial courts, after affording the prosecution the opportunity to respond, are obligated to order DNA analysis when the petitioner satisfies the following conditions:

(1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;
(2) the evidence is still in existence and in such a condition that DNA analysis may be conducted;
(3) the evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and
(4) the application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

Id. § 40-30-304. "If the state contests the presence of any qualifying criteria and it is apparent that each prerequisite cannot be established, the [post-conviction] court has the authority to dismiss the

petition." <u>William D. Buford</u>, No. M2002-02180-CCA-R3-PC, 2003 Tenn. Crim. App. LEXIS 370, at *17 (Tenn. Crim. App., at Nashville, Apr. 24, 2003).

The post-conviction court found that a reasonable probability did not exist that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis. The petitioner contends that DNA analysis could provide exculpatory evidence that the defendant's DNA was not present at the crime scene and an unknown third party's DNA was in fact present. The petitioner's conviction was not based on blood evidence. The only blood evidence introduced at trial was that the victim's blood type matched the blood found at the crime scene. Even if DNA analysis did not reveal the presence of the petitioner's DNA, there is no reasonable probability that the petitioner would not have been convicted. Additionally, the presence of a third party's DNA in a motel room would likely be insignificant. An eyewitness testified that he saw the petitioner stab the victim multiple times. Additionally, there was circumstantial evidence linking the petitioner to the victim and placing him at the scene of the crime. Nothing in the record preponderates against the post-conviction court's findings. The petition for DNA analysis was properly dismissed because the petitioner failed to meet all of the criteria set forth in the statute.

## Conclusion

Based on the foregoing and the record as a whole, the post-conviction court's dismissal of the petition is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE