### Richard Owen LOW, Petitioner–Appellant,

v.

### STATE of Missouri, DEPARTMENT OF CORRECTIONS, Southeast Correctional Center, Probation and Parole, Respondent–Respondent.

No. 26333.

Missouri Court of Appeals, Southern District, Division One.

June 16, 2005.

---

Richard Owen Low, pro se.

No appearance for Respondent.

PHILLIP R. GARRISON, Presiding Judge.

Richard Owen Low ("Appellant") is *pro se* in this appeal. He is an inmate incarcerated at the Southeast Correctional Center, Charleston, Missouri who, on June 2, 2004, filed a petition for a temporary and/or permanent restraining order against the Department of Corrections ("DOC") in the Circuit Court of Mississippi County. In his petition, Appellant claims

that funds were unlawfully being removed from his canteen fund by the DOC causing him financial hardship in obtaining postage, writing materials, and personal hygiene products. The trial court entered a judgment denying Appellant's petition. This appeal followed.

■ Due to multiple violations of Rule 84.04, we dismiss the appeal. A violation of Rule 84.04 is grounds for us to dismiss an appeal. *Stickley v. Auto Credit, Inc.,* 53 S.W.3d 560, 562 (Mo.App. W.D.2001). Both *pro se* appellants and attorneys are held to the same procedural rules, thus *pro se* appellants do not receive preferential treatment regarding compliance with those rules. *Hardin v. State,* 51 S.W.3d 129, 130 (Mo.App. W.D.2001).

Appellant's sole point relied on is as follows:

The motion court clearly erred in not granting relief to Appellant herein. Appellant had demonstrated and invoke [sic] principles of substantive law which entitle pleader relief, [sic] petition stands as valid statement of Appellant's claims. Respondent's [sic] have presented no evidence to refute or oppose Appellant's allegations herein. Respondent's [sic] have, and continue their unauthorized removal of funds from Appellants canteen account. This action is in violatson [sic] of Appellant's constitutional rights and denied Appellant due process of the law under the Fourteenth Amendment of the U.S. Constitution. Appellant's canteen account is a protected property interest. Having determined that a protected interest exists, the only question left for the trial court was to decide is [sic] what process is due. The trial court failed to appropriately determined [sic] by Appellant's pe-

tition for temporary and/or permanent restraning [sic] order to stop the Respondent's [sic] from causing additional irreparable injury to Appellant. The trial courts [sic] ruling is [sic] clearly erroneous decision based upon an unreasonable application of state and federal law and the evidence put before the trial court as they [sic] existed.

Rule 84.04(d)[1] sets the guidelines for an appellant regarding his points on appeal. It states:

(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action* ], because [*state the legal reasons for the claim of reversible error* ], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error* ]."

■ Here, Appellant's "Point Relied On" fails to comply with the requirements of Rule 84.04(d). Appellant's point does not identify the rule of law the trial court should have applied, nor does it specify the evidentiary basis supporting the application of the rule of law suggested. *See* Rule 84.04(d)(1). Further, Appellant's

---

1. Reference to rules are to Missouri Rules of Civil Procedure (2004) unless otherwise indicated.

point does not intelligibly identify the issues he is pursuing on appeal. Finally, Appellant's point relied on violates the proscription in Rule 84.04(d)(4) that "[a]bstract statements of law, standing alone, do not comply with this rule." We cannot begin to interpret Appellant's point as stated because we would be forced to act as an advocate for Appellant. "It is not the function of the appellate court to serve as advocate for any party to an appeal." *Shochet v. Allen*, 987 S.W.2d 516, 518 (Mo. App. E.D.1999).

■ Second, Appellant's statement of facts is insufficient. Rule 84.04(c) instructs that the "statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." The purpose of the statement of facts is to provide an immediate, accurate, complete and unbiased understanding of the facts. *Kent v. Charlie Chicken, II, Inc.*, 972 S.W.2d 513, 515 (Mo.App. E.D.1998). Rule 84.04(i) further instructs that the statement of facts is to include specific page references to the legal file and transcript. In his statement of facts, Appellant complains that the DOC is depleting his canteen fund and the reasons behind its actions are inconsistent. The DOC informed him that he owed money to Farmington Correctional Center, then later changed its story, claiming that he now owes for the Electronic Monitoring Program. Appellant also asserts in his statement of facts that the DOC has not provided him any evidence of such a financial obligation and that its actions are causing him severe financial hardship. Appellant's statement of facts includes argument and gives no specific references to the record on appeal. He, therefore, has failed to provide an immediate, accurate, complete and unbiased understanding of the facts of the case. This violation alone constitutes

grounds for dismissal of an appeal. *Kent*, 972 S.W.2d at 515.

■ Third, Appellant's argument violates Rule 84.04(e) in several respects. Appellant fails to restate his point relied on at the beginning of the argument section. Rule 84.04(e) states that "[t]he point relied on shall be restated at the beginning of the section of the argument discussing that point." His argument does not contain any statement of the applicable standard of review. *See Faulkerson v. Norman*, 77 S.W.3d 43, 45 (Mo.App. E.D. 2002); Rule 84.04(e). In addition, "[a]n argument should show how the principles of law and the facts of the case interact." *Boyd v. Boyd*, 134 S.W.3d 820, 824 (Mo. App. W.D.2004). While Appellant includes some citations to authority, such citations are misguided and are inapplicable to his claim of error. He does not explain how these cases support his contention that the trial court erred in denying his petition. *See Patterson v. Waterman*, 96 S.W.3d 177, 179 (Mo.App. S.D.2003). When an appellant does not cite relevant authority in support of his position, or explain its absence, we are justified in considering the point abandoned. *Schubert v. Trailmobile Trailer, LLC*, 111 S.W.3d 897, 906 (Mo. App. S.D.2003). "[A]llegations of error not briefed or not properly briefed shall not be considered in any civil appeal." Rule 84.13(a).

Although we are acutely aware of the problems faced by *pro se* litigants, Appellant's *pro se* status does not excuse him from his compliance with Rule 84.04. *Speer v. K & B Leather Co.*, 150 S.W.3d 387, 388 (Mo.App. S.D.2004). Appellant has failed to comply with this rule and, therefore, we dismiss his appeal.

■■ We note, however, *ex gratia*, that

Section 506.384.1 [2] provides that "[n]o civil action may be brought by an offender, except for a constitutional deprivation, until all administrative remedies are exhausted." Therefore, a trial court will not have "subject matter jurisdiction in a case in which the party seeking judicial review has not exhausted all administrative remedies." *Doody v. State, Dept. of Social Services, Div. of Child Support Enforcement*, 993 S.W.2d 563, 565 (Mo.App. W.D. 1999). The policy reasons behind this principle are described as follows:

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*McDonald v. Thompson*, 35 S.W.3d 906, 911 (Mo.App. S.D.2001) (quoting *Farm Bureau Town & Country Ins. v. Angoff*, 909 S.W.2d 348, 352 (Mo. banc 1995)). The administrative process for an inmate requires him to "file informal resolution requests, grievances, and grievance appeals before the [administrative] process is exhausted and the inmate can file suit in court." *Cooper v. Minor*, 16 S.W.3d 578, 580 (Mo. banc 2000). It is unclear from the record here whether all administrative remedies have been pursued. Appellant, however, acknowledges the following in his brief:

> Appellant would assert to this court that per Rules of the Court, he would be unable to file a civil action pursuant to 42 U.S.C.A. Section 1983, to contest respondent's authority until he has completed the "grievance procedure" which respondent can delay for many months. As such, his petition for temporary and/or permanent restraining order would be the only appropriate relief to appellant to pursue for the stoppage of respondent's actions, and the continuous irreparable injuries he will continue to suffer.

We interpret this to mean that Appellant acknowledges the requirement that he must first exhaust administrative remedies, and an indication that he has not done so.

Appeal dismissed.

PREWITT, J., and RAHMEYER, J., concur.

---

**2.** References to statutes are to RSMo (2000)   unless otherwise indicated.