**Timothy and Marcie THOMPSON, Appellants,**

v.

**FLAGSTAR BANK, FSB, et al., Respondents.**

**No. SD 29866.**

Missouri Court of Appeals, Southern District, Division One.

Nov. 23, 2009.

---

Court *pro se.* "While [they are] fully entitled to proceed *pro se,* [they are] bound 'by the same rules of procedure as those admitted to practice law and [are] entitled to no indulgence [they] would not have received if represented by counsel.'" *Moran v. Mason,* 236 S.W.3d 137, 139 (Mo. App.2007) (quoting *Brumfield v. Div. of Empl. Sec.,* 54 S.W.3d 741, 742 (Mo.App. 2001)). "'This principal is not grounded in a lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties.'" *Id.* (quoting *State ex rel. Morgan ex rel. Div. of Child Support Enforcement v. Okoye,* 141 S.W.3d 410, 411 (Mo. App.2004)). "As such, Appellant is required to substantially comply with the mandatory briefing requirements of Rule 84.04" as well as the other Missouri Rules of Court.[2] *Id.*

Timothy and Marcie Thompson, Nixa, pro se.

Nancy M. Wilson, South & Associates, P.C., Overland Park, KS, for respondent.

ROBERT S. BARNEY, Judge.

Timothy and Marcie Thompson ("Appellants") appeal the judgment of the trial court entered in favor of Flagstar Bank, FSB ("Flagstar"), South & Associates ("South"), Robert Marti, and Barbara Marti.[1] Due to briefing deficiencies, this Court is unable to address the merits of Appellants' claims and we dismiss the appeal.

First, Appellants' brief does not contain "a table of cases (alphabetically arranged) ..." as required by Rule .84.04(a)(1). Second, Appellants' brief contains an "INDEX" as opposed to a "detailed table of contents, with page references ..." as mandated by Rule 84.04(a)(1). Third, Appellants' jurisdictional statement violates Rule 84.04(b), which requires that the jurisdictional statement in a brief "shall set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitution whereon jurisdiction is sought to be predicated" and shall not contain "[b]are recitals that jurisdiction is invoked...." *Id.* Here, Appellants' entire jurisdictional statement reads: "This Court has jurisdiction over the underlying action wherein Christian County is within the territorial jurisdiction of the Southern

At the outset it is important to note that Appellants appear before this

---

1. Robert and Barbara Marti do not appear in this appeal.

2. All rule references are to Missouri Court Rules (2009).

District, [s]ection 477.060 Revised Statutes of Missouri, [s]ection 10 of the Missouri Constitution and Article 5 of the United States Constitution." This jurisdictional statement contains no facts regarding the nature or claims of the underlying case to indicate that jurisdiction is proper in this Court and merely concludes that jurisdiction is proper, violating the prohibition against conclusory statements of Rule 84.04(b). *See White v. Darrington*, 91 S.W.3d 718, 722 (Mo.App.2002).

■■■ Fourth, Appellants present this Court with a deficient statement of facts which violates Rule 84.04(c) in that it is not "a fair and concise statement of the facts relevant to the questions presented for determination without argument." The requirements of Rule 84.04(c) serve " ' to define the scope of the controversy and afford the appellate court an immediate, accurate, complete, and unbiased understanding of the facts of the case.' " *Murphy v. City Utilities of Springfield*, 283 S.W.3d 767, 768 (Mo.App.2009) (quoting *Stickley v. Auto Credit, Inc.*, 53 S.W.3d 560, 562 (Mo.App.2001)). "If this [C]ourt is to adjudicate an appeal without becoming an advocate for the appellant, the appellant must define the scope of the controversy ... fairly and concisely...." *Deloch v. Hughes*, 896 S.W.2d 668, 670 (Mo.App.1995). " 'It is not the function of the appellate court to serve as advocate for any party to an appeal.' " *Low v. State Dept. of Corrections*, 164 S.W.3d 566, 569 (Mo.App.2005) (quoting *Shochet v. Allen*, 987 S.W.2d 516, 518 (Mo.App.1999)).

Here, Appellants' statement of facts is unwieldy and difficult to discern; it contains numbered paragraphs which are often in no discernable factual order; it contains inappropriate argument and commentary on the evidence; it contains improper statutory and case law references; and it is certainly not "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). Further, Appellants' statement of facts violates Rule 84.04(i) which requires "[a]ll statements of fact and argument shall have specific page references to the legal file...." While there are several references to exhibits that were apparently before the trial court, there is not a single reference to the legal file in Appellants' statement of facts. Additionally, Appellants' statement of facts contains pages which are out of numerical order and has several paragraphs that are in a smaller and improper font size than the rest of the paragraphs. *See* Rule 84.06(a)(6). After reviewing Appellants' statement of facts, this Court is not left with an understanding of the evidence or testimony introduced below and is, instead, forced to become an advocate for Appellants in an attempt to understand their assertions. *See Low*, 164 S.W.3d at 569. Appellants' statement of facts does not clearly and succinctly present the facts necessary to determine whether the trial court erred in dismissing their claims and, as such, it violates Rule 84.04(c).

■■■ Fifth, Appellants' points relied on fail to comply with Rule 84.04(d)(1) which clearly sets out that:

(1) [w]here the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: 'The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*].'

" 'The purpose of the briefing requirements regarding points relied on is to give notice to the party opponent of the precise matters which must be contended with and answered and to inform the court of the issues presented for resolution.' " *In re Marriage of Gerhard,* 34 S.W.3d 305, 307 (Mo.App.2001) (quoting *Perkel v. Stringfellow,* 19 S.W.3d 141, 147 (Mo.App.2000)).

■■ Here, Appellants' first point relied on states in full: "I. THE TRIAL COURT ERRED IN DISMISSING THE CASE IN THAT IT CUT OFF APPELLANTS['] OPPORTUNITY FOR DUE PROCESS." Appellants' second point relied on which is for some reason numbered the same as their first point states: "I. THE TRIAL COURT ERRED IN DISMISSING THE CASE WITHOUT PROOF THAT [FLAGSTAR] AND [SOUTH] HAD SUBJECT MATTER JURISDICTION." Their third point relied on, which is numbered as if it is their second point relied on, states: "II. THE TRIAL COURT ERRED IN DISMISSING THE MATTER AS FLAGSTAR FAILED TO PERFECT THEIR LIEN IN THE TIME ALLOTTED." Their fourth point relied on, which is referred to as their third point relied on, states: "III. THE TRIAL COURT ERRED IN DISMISSING THE MATTER AS FLAGSTAR HAS UNCLEAN HANDS." Appellants' last point relied on, which should be their fifth point, but is instead numbered as their fourth point, states: "IV. THE TRIAL COURT ERRED IN THAT IT FAILED TO FOLLOW THE MAXIMS OF EQUITY." None of the points set out by Appellants even remotely complies with Rule 84.04(d)(1) in that they contain bald assertions of trial court error; provide no sense of the facts which support their contentions in violation of Rule 84.04(d)(1)(C); and contain abstract statements of the law as prohibited by Rule 84.04(d)(4). *See Lamar Advertising v. McDonald,* 19 S.W.3d 743, 745 (Mo.App.2000). " 'Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made.' " *Petersen v. Cook,* 92 S.W.3d 831, 834 (Mo.App.2003) (quoting *Franklin v. Ventura,* 32 S.W.3d 801, 803 (Mo.App.2000)).

■■ Sixth, the argument portions of Appellants' brief are deficient in numerous ways. Rule 84.04(e) requires an appellant's brief to contain an argument section that discusses the point relied on. " '[A]n argument should show how the principles of law and the facts of the case interact.' " *Low,* 164 S.W.3d at 569 (quoting *Boyd v. Boyd,* 134 S.W.3d 820, 824 (Mo.App.2004)). In addition to containing numbered paragraphs as in the statement of facts, Appellants' argument sections contain conclusory statements which do not even attempt to show "how the principles of law and the facts of the case interact." *Id.* Of their five stated points relied on, the longest argument comes under their Point III and this argument is a little more than a page and a half in length. Several of their points relied on do not contain any argument at all and merely set forth numbered paragraphs consisting solely of facts. Additionally, the points relied on in the argument sections of the brief do not correspond with the numbers provided in the beginning of the brief. Also, Appellants had an obligation to cite appropriate and available precedent if they expected to

prevail, and, if no authority is available to cite, they should have explained the reason for the absence of citations. *Thummel v. King,* 570 S.W.2d 679, 687 (Mo. banc 1978). Here, Appellants first and fourth points relied on contain no citation to authority. Further, Rule 84.04(e) requires the argument portion of an appellate brief to contain a statement of the applicable standard of review for each claim of error. Appellants' brief contains no statements of the applicable standard of review. Moreover, in violation of Rule 84.04(i) there are no references to the legal file to support Appellants' factual claims and assertions.

■ The violations of the Missouri Rules of Court set out above are grounds for the dismissal of Appellants' appeal. *Hampton v. Davenport,* 86 S.W.3d 494, 496 (Mo.App.2002). "Whether an appeal will be dismissed for failure to comply with Rule 84.04 is discretionary," and "[t]hat discretion is generally not exercised unless the deficiency impedes disposition on the merits." *Id.* (quoting *Keeney v. Missouri Hwy. & Transp. Comm'n,* 70 S.W.3d 597, 598 n. 1 (Mo.App.2002)). " 'A brief impedes disposition on the merits where it is so deficient that it fails to give notice to the court and to the other parties as to the issue[s] presented on appeal.' " *Id.* (quoting *Keeney,* 70 S.W.3d at 598 n. 1). " 'This [C]ourt should not be expected either to decide the case on the basis of inadequate briefing or to undertake additional research and a search of the record to cure the deficiencies.' " *Livingston v. Schnuck Markets, Inc.,* 184 S.W.3d 617, 619 (Mo. App.2006) (quoting *Davis v. Coleman,* 93 S.W.3d 742, 743 (Mo.App.2002)). Appellants' brief is defective to the point that it impedes our disposition of the issues and we are unable to ascertain the asserted claims of error. Appellants' brief presents

nothing for our review. *Id.* Appeal dismissed.

BATES, P.J., and BURRELL, J., concur.