George FULLER, Plaintiff–Appellant,

v.

Mike KEMNA, et al., Defendant–
Respondent.

No. SD 29805.

Missouri Court of Appeals,
Southern District,
Division Two.

July 12, 2010.

George Fuller, Cameron, MO, Appellant Acting Pro Se.

Chris Koster, Atty. Gen., Cheryl Ann Schuetze, Jefferson City, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

George Fuller ("Appellant") is an inmate in the custody of the Missouri Department of Corrections ("DOC") at Crossroads Correctional Center ("Crossroads"). On or about November 15, 2002, Appellant was visited by a supposed private investigator, Gary Compton, who had allegedly been hired by Appellant's sister to assist in his case. Appellant gave Compton several legal documents that Appellant claims demonstrated his actual innocence. Appellant later discovered that Compton was an imposter, posing as an investigator in an effort to defraud Appellant's sister out of money. After unsuccessful attempts at gaining relief for his alleged invasion of privacy through administrative remedies in 2004, and in federal court in 2007,[1] Appellant filed the action subject to this appeal.

On July 25, 2008, Appellant filed suit against Tom Clements, an Assistant Director of the DOC, Mike Kemna, the Warden of Crossroads, Steve Lakey, a Functional Unit Manager at Crossroads (collectively "Respondents"),[2] and Captain Norris, an officer at Crossroads, alleging they invaded Appellant's privacy and denied him access to courts by not verifying the credentials of Compton. Respondents filed a motion to dismiss on November 18, 2008, alleging, among other things, that the petition was barred by the statute of limitations. Appellant never responded to the motion to dismiss, but on December 3, 2008, asked for a sixty-day extension to respond. The trial court sustained the motion to dismiss on January 9, 2009. This appeal followed. We affirm because Appellant was time barred from bringing the claims as the one-year statute of limitations, pursuant to section 516.145, had expired.[3]

Appellant's pro se brief is difficult to interpret. From best we can discern, Appellant's central points on appeal are that the trial court erred in declining to grant his motion for a sixty-day extension to reply to Respondents' motion to dismiss. Respondents counter, as they did in the

1. Appellant, in his brief, maintains he filed suit in federal court on January 17, 2007, and included the court's order dismissing the case on August 7, 2007, in the appendix to his brief; however, he provided us with nothing in the record on appeal to allow us to verify these dates.

2. Counsel for Respondents filed an Entry of Appearance on November 6, 2008, "on behalf of defendants *Larry Crawford,* Mike Kemna, and Steve Lakey," (emphasis added) and waived service of process for said defendants. Counsel also advised that Captain Norris was no longer employed by the DOC. However, defendants' Motion to Dismiss refers to the collective defendants as "Tom Clements, Mike Kemna, and Steve Lakey," as does the trial court's Amended Judgment and Order. Based on the limited record before us, this Court's understanding is that the proper defendants/Respondents on appeal are Clements, Kemna, and Lakey, while Norris is not a party to the appeal.

3. All rule references are to Missouri Court Rules (2010), and all references to statutes are to RSMo 2000, unless otherwise specified.

trial court, that Appellant's claims are time barred. For the reasons stated below, we agree and decline to address Appellant's additional points.

■ We review a trial court's grant of a motion to dismiss *de novo*. *Huch v. Charter Communications, Inc.*, 290 S.W.3d 721, 724 (Mo. banc 2009). During such review, we accept as true all of the plaintiff's averments and view the allegations in the light most favorable to the plaintiff. *Bosch v. St. Louis Healthcare Network*, 41 S.W.3d 462, 464 (Mo. banc 2001). When the trial court does not provide reasons for its dismissal of the petition, we will affirm if dismissal was appropriate on any grounds stated in the motion to dismiss. *Fenlon v. Union Elec. Co.*, 266 S.W.3d 852, 854 (Mo.App. E.D.2008).

■ Section 516.145 provides that all actions brought by an inmate in the custody of the DOC against the department or its employees "for an act in an official capacity, or by the omission of an official duty," be filed within one year of when the cause of action accrues. Section 516.145. An inmate's cause of action accrues when the damage resulting from the alleged wrongs is capable of ascertainment. Section 516.100. Section 506.384, however, requires exhaustion of administrative remedies prior to filing a civil action. Section 506.384.1. Because section 516.145 does not provide a tolling provision while the administrative remedies are being pursued, the Supreme Court of this State had to reconcile the statutes in *Cooper v. Minor*, 16 S.W.3d 578, 581 (Mo. banc 2000). The Supreme Court decided that the remedy for circumstances where the inmate is unable to exhaust administrative remedies prior to the running of the statute of limitations is not a tolling of the statute of limitations, but a stay of a timely filed lawsuit, i.e. a stay of the lawsuit filed within the one year period proscribed by section 516.145. *Id.* at 582.

In this case, Appellant brought suit against Respondents, officers of the DOC, for not verifying the credentials of Respondents' ill-intentioned visitor, Compton. The incident leading to the suit occurred on or about November 15, 2002. The suit was not filed until over five years later, on July 25, 2008. Appellant sought administrative remedies in 2004, and filed a petition based on the same claims in federal court in 2007, which shows his knowledge of any alleged damage resulting from the alleged wrongs as of those dates. Appellant did not file this action until July 25, 2008, more than one year later. Appellant made no showing why he did not timely file suit and seek a stay pending his administrative proceedings. As such, Appellant's suit is time barred by section 516.145. *Id.* at 581. The untimely petition was properly dismissed.

The judgment of the trial court is affirmed.

SCOTT, C.J., LYNCH, P.J., concur.