

# In the
# Missouri Court of Appeals
# Western District

DANNIE MAEL,
                    Appellant

JOHN MAEL, ADAM MAEL, PATRICIA
MAEL, AND TOUCHALEAK MAEL,

                    Plantiffs

v.

LYDIA MCEVOY ET AL.,

          Respondents.

WD77641

OPINION FILED:

DECEMBER 23, 2014

**Appeal from the Circuit Court of Clay County, Missouri
The Honorable Larry Dale Harman, Judge**

**Before Division One: Thomas H. Newton, P.J.,
Lisa White Hardwick, Anthony Rex Gabbert, JJ.**

Dannie Mael appeals the circuit court's dismissal with prejudice of her pro se petition for writ of quo warranto. Because of the woeful inadequacies of Mael's brief, which prevent us from determining what her complaint is, we dismiss Mael's appeal.

An appellant is required to substantially comply with this Court's briefing requirements enumerated in Rule 84.04. *Thompson v. Flagstar Bank, FSB*, 299 S.W.3d 311, 313 (Mo. App. 2009). Failure to comply with these requirements constitutes grounds for dismissal. *First State Bank of St. Charles v. Am. Family Mut. Ins. Co.*, 277 S.W.3d 749, 752 (Mo. App. 2008). Further, failure to comply with Rule 84.04 impedes this Court's "ability to reach a disposition on the

merits to such an extent that we could not conduct a meaningful review without improperly advocating for the appellant." *First Bank v. The Annie-Joyce Group, LLC*, 334 S.W.3d 589, 591 (Mo. App. 2011). While we recognize that Mael is a pro se appellant, such appellants are bound by the same rules of court procedure as those licensed to practice law. *Thompson*, 299 S.W.3d at 313.

In reviewing Mael's brief, we find that it flagrantly and repeatedly violates Rule 84.04's requirements concerning the contents of briefs. First, the jurisdictional statement fails to "set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitution whereon jurisdiction is sought to be predicated." Rule 84.04(b). In her statement, Mael mentions the Articles of Confederation, the U.S. Constitution of 1787, and "all proprietary written laws of the United States of America." None of these references explain how jurisdiction is sought by this Court.

Mael's statement of facts also flagrantly violates Rule 84.04. "The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). Mael's statement of facts fails to set forth any facts relating to the determination of the questions presented. Instead, Mael's facts seem to continue where her jurisdictional statement left off. Unfortunately, both are incoherent.

Like her jurisdictional statement and statement of facts, Mael's points relied on also violates Rule 84.04. "Where the appellate court reviews the decision of a trial court, each point shall: (A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1). "[T]he fundamental requirement for an appellate argument is that it

2

demonstrate the erroneousness of the basis upon which a lower court or agency issued an adverse ruling." *Rainey v. SSPS, Inc.*, 259 S.W.3d 603, 606 (Mo. App. W.D. 2008). Nowhere in any of Mael's three points relied on does she allege any sort of error by the trial court. Not only does Mael fail to allege any error by the trial court, her points relied on are incoherent. "A point relied on written contrary to the mandatory requirements of Rule 84.04(d)…preserves nothing for appellate review." *Foster v. Village of Brownington*, 140 S.W.3d 603, 608 (Mo. App. 2004).

Finally, under Rule 84.04(e), Mael's brief must contain an argument section that discusses the point relied on. "An argument should show how the principles of law and the facts of the case interact." *Carroll v. AAA Bail Bonds*, 6 S.W.3d 215, 218 (Mo. App. 1999). Like her other sections, Mael's argument section is inadequate and completely incoherent. Furthermore, Mael's citation to relevant legal authority is lacking. "It is an appellant's obligation to cite appropriate and available precedent if [the appellant] expects to prevail." *In re Marriage of Spears*, 995 S.W.2d 500, 503 (Mo. App. 1999). "Where, as here, the appellant neither cites relevant authority nor explains why such authority is not available, the appellate court is justified in considering the points abandoned and dismiss the appeal." *Id.* Here, Mael's cited legal authority takes this Court through various historical legal documents from the Articles of Confederation[1] to the Declaration of Independence; from an act of Congress in June 4, 1812 to a Missouri ordinance in August 1820. However, none of these documents are relevant legal authority in this case.

---

[1] The U.S. Constitution replaced the Articles of Confederation on March 4, 1789. *See generally* Robert N. Clinton, A Brief History of the Adoption of the United States Constitution, 75 IOWA L. REV. 891 (1990).

We conclude, therefore, that because Mael's brief fails to substantially comply with Rule 84.04, it preserves nothing for our review.  We dismiss this appeal.


_____
Anthony Rex Gabbert, Judge


All concur.