**Linnie J. KYLE ESTATE, and Joan Kyle–Henningsen[1] and Walter C. Henningsen, Plaintiffs–Appellants,**

v.

**21ST MORTGAGE CORPORATION, SMF Registered Services, Inc., and Michele M. O'Malley, Defendants–Respondents.**

**No. SD 34564**

Missouri Court of Appeals,
Southern District,
**Division Two.**

Filed: April 5, 2017

"Peggy Joan Kyle–Henningsen."

Appellants' Pro Se: Walter and Joan Henningsen, of Isabella, Missouri

Attorney for Respondents 21st Mortgage and O'Malley: Michele M. O'Malley, Brett M. Simon, and Katrina L. Smeltzer, of Kansas City, Missouri

Attorney for Respondent SMF Registered Services: James R. Montgomery, of Kansas City, Missouri

WILLIAM W. FRANCIS, JR., J.

Joan Kyle–Henningsen ("Joan") and Walter C. Henningsen ("Walter")[2] (collectively "the Henningsens"), as "Personal Representatives (Beneficiaries)"[3] of the Estate of Linnie J. Kyle, appeal the trial court's judgment sustaining the motion to dismiss filed by 21st Mortgage Corporation, SMF Registered Services, Inc., and Michele M. O'Malley (collectively the "Respondents"), dismissing the Henningsens' pending lawsuit because it was identical to claims presented in a prior lawsuit in which judgment was rendered thereby barring the lawsuit per *res judicata*. Because of Rule 84.04[4] violations in the Henningsens' brief, we dismiss their appeal.

## Facts and Procedural History

On July 27, 1998, Linnie J. Kyle ("Kyle") executed a Home Equity Line of Credit Agreement, a promissory note (the "note"), and a deed of trust on 2.35 acres ("the property") she owned in Ozark County in favor of Lancorp Mortgage Services.[5] The Henningsens were present at the signing and Walter had assisted Kyle with some of the paperwork necessary to secure the loan. The Henningsens had extensive real estate experience with Joan having 15 years as a real estate broker, and Walter having 14 years' experience.

On November 15, 1999, Kyle executed a warranty deed to the property in favor of Heritage Land and Development, "in c/o Peggy Joan Kyle Henningsen." On May 7, 2006, Heritage Land and Development executed a quitclaim deed on the property to

---

2. Because a portion of the involved parties share the same surname, for ease of reference, we refer to the parties individually by their first names. We mean no familiarity or disrespect. Walter and Joan are husband and wife.

3. While the Henningsens purport to be the personal representatives and beneficiaries of the Estate of Linnie J. Kyle, it is unclear from the record whether a probate estate was actually opened for Linnie J. Kyle. In an affidavit signed by Joan Henningsen, she attests that "Kyle's estate had been legally handled prior to her death by her own volition, and a court appointed administrator was not necessary."

4. All rule references are to Missouri Court Rules (2016).

5. On January 12, 1993, Kyle executed a Beneficiary Deed in favor of her son, J.A. Kyle, and daughter Joan. J.A. Kyle died in 1995.

Heritage L&D, LLC, with "Peggy Joan Kyle Henningsen" signing the quitclaim deed on behalf of Heritage Land and Development. The note and deed of trust had been re-assigned a number of times with 21st Mortgage determined to be the last lienholder.

In December 2001, Kyle passed away. The Henningsens made payments under the note until approximately 2013, after which time the note went into default. In 2014, 21st Mortgage began foreclosure proceedings on the property using the trustee services of SMF Registered Services, Inc., and the legal services of attorney Michele M. O'Malley.

On June 6, 2014, the Henningsens filed a pro se "Complaint for Injunctive and Other Equitable Relief Petition and Application for Temporary Restraining Order" against Respondents in the Circuit Court of Ozark County in Case No. 14OZ–CC00075 (the "First Action") challenging the foreclosure. The Henningsens asserted the deed of trust had an errant legal description for the property, and 21st Mortgage was not the valid holder of the note and deed of trust. The parties filed cross motions for summary judgment.

On June 11, 2015, the trial court granted 21st Mortgage's motion for summary judgment and denied the Henningsens' motion for summary judgment, stating there was only one issue before the court and that was whether 21st Mortgage was the valid holder in due course of the promissory note and deed of trust. The court found that 21st Mortgage was the valid holder and was "entitled to foreclose on the collateral which is agreed between the parties … to be a 2.35 acre tract of land[.]"

The Henningsens filed an appeal of the June 11, 2015 judgment, but on November 23, 2015, this Court dismissed the appeal for failure "to take further steps to secure appellate review" and that "good cause has not been shown why this appeal should not be dismissed."

On October 20, 2015, the Henningsens filed a second action in the United States District Court for the Western District of Missouri, in Case No. CV–3455–SRB (the "Federal Action"). In the Federal Action, the Henningsens asserted that "[t]his case arises out of an attempt by 21st Mortgage Corporation, (21st) to foreclose on a home equity line of credit." The Henningsens challenged the foreclosure claiming there had been no accounting presented and that the legal description of the property was incorrect in the deed of trust. They requested the federal court to overturn the June 11, 2015 judgment in the First Action. Respondents filed a "Motion to Dismiss Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction, Lack of Standing, and as Precluded," which was granted. The federal court then dismissed the Federal Action with prejudice.

On December 16, 2015, 21st Mortgage foreclosed and sold the property. The Henningsens attended the sale and filed a *lis pendens* in Case No. 14OZ–CC00075, the case in which the July 11, 2015 judgment had already been entered.

On May 2, 2016, the Henningsens filed a third action against Respondents in the Circuit Court of Ozark County in Case. No. 16OZ–CC00063, entitled "Complaint and Petition Unlawful Foreclosure, Unlawful Trustee Sale, Fraud, Lack of Jurisdiction Motion to Stay Possession, Motion to Set Aside Sale, Motion to Overturn Null and Void Judgment and Demand for Damages" (the "Current Action").

The Henningsens asserted four counts against Respondents: Count One–"Wrong Legal Description—Defective and Void Note," Count Two–"No Chain of Title—Standing Not Established," Count III–"Failure to Present the Note," and Count

IV–"Failure to Present the Records of Accounting." The Henningsens sought an "order overturning summary judgment, with prejudice, in case No. 14OZ–CC00075 [the First Action] and for order to set aside the unlawful sale resulting from that summary judgment."

Respondents filed a "Motion to Dismiss Plaintiffs' Petition Pursuant to Rule 55.27." Respondents argued that the Henningsens' claims in the Current Action were barred under collateral estoppel and *res judicata* and that the Henningsens lacked standing because they were not the title owners of the property.

On July 7, 2016, the trial court, in the Current Action, granted Respondents' motion to dismiss finding that the claims presented in the First Action were identical to the claims presented in the Current Action, a valid final judgment on these issues was entered on June 11, 2015, and "the claims now presented in the present litigation must be dismissed as *res judicata*." The trial court dismissed the Current Action with prejudice.[6] This appeal followed. The Henningsens challenge the judgment of the trial court in four points on appeal.

## The Henningsens' Rule 84.04 Violations

■ We observe that, in numerous respects, the Henningsens' appeal to this Court fails to follow the mandatory dictates of Rule 84.04. An appellant, whether acting pro se or through an attorney, is required to substantially comply with Rule 84.04. *Mael v. McEvoy*, 451 S.W.3d 264, 266 (Mo.App. W.D. 2014). Failure to comply with the requirements of Rule 84.04 constitutes grounds for dismissal. *Id.*

6. The trial court also sustained Respondents' motion for sanctions pursuant to Rule 55.03. That ruling is not challenged in this appeal.

7. Rule 84.04(h), which directs what should or may be included in the appendix, does not authorize inclusion of evidence outside the

■ Henningsens' statement of facts fails to substantially comply with Rule 84.04. Rule 84.04(c) states in relevant part: "[a]ll statement of facts shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits."

Compliance with the portion of the appellate briefing rule governing references to the record is mandatory and essential for the effective functioning of appellate courts, which cannot spend time searching the record to determine if factual assertions are supported by the record; reviewing authority may not become an advocate for the non-complying party on appeal.

*Underwood v. High Road Industries, LLC*, 369 S.W.3d 59, 67 n.4 (Mo.App. S.D. 2012) (internal quotations and citations omitted).

■ Throughout their statement of facts section, the Henningsens fail to provide specific page references to the relevant portion of the record on appeal supporting their statements of fact. The Henningsens cite to attached exhibits, but these exhibits are not part of the record on appeal.[7] As a result, the Henningsens' statement of facts does not substantially comply with Rule 84.04(c).

■ The Henningsens' points relied on also fail to substantially comply with Rule 84.04. Rule 84.04(d) requires each point relied on to:

(A) identify the trial court ruling or action that the appellant challenges;

record on appeal. *Evans v. FirstFleet, Inc.*, 345 S.W.3d 297, 306 (Mo.App. S.D. 2011). The mere inclusion of documents in an appendix does not make them part of the record on appeal, and the court should not consider documents outside the record. *Id.*

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

Rule 84.04(d) also provides a roadmap for constructing an acceptable point relied on:

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

Rule 84.04(d).

The requirement that the point relied on clearly state the contention on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of appellate courts. Instead, the purpose of this rule is to give notice to the opposing party as to the precise matters that must be contended with and to inform the court of the issues presented for review.

*In re Marriage of Weinshenker*, 177 S.W.3d 859, 863 (Mo.App. E.D. 2005) (internal quotations and citations omitted). "[M]erely stating what errors are, without also stating why they are errors, neither complies with the rule nor preserves anything for review." *Jones v. Buck*, 400 S.W.3d 911, 915 (Mo.App. S.D. 2013) (internal quotations and citations omitted).

Rule 84.04(d)(5) additionally provides that the appellant "shall include a list of cases, not to exceed four, ... or other authority upon which that party principally relies."

The Henningsens' points relied on A, B, C, and D do not follow the form provided in Rule 84.04(d)(1). In their points relied on, the Henningsens argue:

A. The trial court erred in its judgment that every element of the complaint in Case No. 1602–00063 had been previously litigated, because the final judgment in Case No. 140Z–CC00075 had been issued on June 11, 2015, and the UNLAWFUL TRUSTEE SALE, claimed in the Complaint in Case No. 160Z–CC00063, did not occur until December 16, 2015, making it impossible to litigate an event that had not yet occurred. Judge Veenstra's court did not recognize the conflict of time-line.

B. Additionally, notice of appeal had been filed July 13, 2015 and the appellate court had sole jurisdiction from that date forward.

C. Additionally, Judge MacPherson states on the record that her court has no jurisdiction except for setting of bond. Therefore, all filings in Judge MacPherson's court addressing the unlawful trustee sale, from both the appellant and the respondent, were filed in a COURT WITHOUT JURISDICTION, and merits were never reached, and as a matter of law, **could not** be reached.

D. The UNLAWFUL TRUSTEE SALE has NOT been litigated. Appropriately, Judge MacPherson did not respond to any of these mistakenly filed pleadings.

(internal citations to the record and exhibits omitted). These points, particularly Points B, C, and D, do not identify the trial court ruling that the Henningsens' challenge, the legal reasons for the claim of reversible error, or explain why the legal reasons support a claim of reversible error. The Henningsens also fail to designate the authority to support each point relied on in violation of Rule 84.04(d)(5). Because these points do not substantially comply with Rule 84.04(d), they preserve

nothing for review. *Jones*, 400 S.W.3d at 915.

The Henningsens' argument section also fails to substantially comply with Rule 84.04. Rule 84.04(e) states:

> The argument shall substantially follow the order of "Points Relied On." The point relied on shall be restated at the beginning of the section of the argument discussing that point. The argument shall be limited to those errors included in the "Points Relied On." The argument shall also include a concise statement of the applicable standard of review for each claim of error.

The argument section must show how the principles of law and the facts of the case interact. *Matter of the Eberle Family Trust Two*, 481 S.W.3d 592, 598 (Mo.App. S.D. 2016). "Speculation on an appellant's arguments is not permitted by the appellate courts because such speculation would cast the court in the role of an advocate for the appellant." *McIlvoy v. Sharp*, 485 S.W.3d 367, 376 (Mo.App. W.D. 2016). "Where a brief is so defective as to require the appellate court and opposing counsel to hypothesize about the appellant's argument and precedential support for it, the merits cannot be reached." *Id.*

The Henningsens do not restate the points relied on at the beginning of the relevant portions of their argument section, so that it is unclear which point or points are addressed at which interval. The Henningsens cite to only inapplicable federal cases as their supporting authority. The Henningsens also fail to consistently cite to the record on appeal to support facts in their argument section.

The cumulative effect of these substantial deficiencies in the Henningsens' brief is to prevent this Court from accurately ascertaining the nature of the Henningsens' arguments, and the support therefor, without resorting to speculation or acting as an advocate for the Henningsens. In such a situation, these deficiencies amount to a failure to substantially comply with Rule 84.04, and dismissal of the appeal is appropriate.

Appeal dismissed.[8]

NANCY STEFFEN RAHMEYER, J.—CONCURS

DANIEL E. SCOTT, J.—CONCURS

---

8. Before one concludes that briefing technicalities prevented review of an otherwise meritorious appeal, our cursory review of the briefs, as best we can understand, suggests no legal basis for this court to reverse the trial court's judgment.