SCARLETT INVESTMENTS, LLC,[1]
Plaintiff-Respondent,

v.

FIRST HOME SAVINGS BANK, Daniel Katzfey, Individually, and Greene County Missouri, Defendants-Respondents,

Leonard Bieri, III, Proposed
Intervenor-Appellant.

No. SD 34720

Missouri Court of Appeals,
Southern District,
Division Two.

Filed: July 19, 2017

Motion for Rehearing and/ or Transfer to Supreme Court Denied October 31, 2017

Leonard Bieri, III, of Springfield, MO, pro se.

James P. Sullivan, of Branson, MO, for Respondent Scarlett.

1. The original action also included plaintiffs Freddie E. Ray, Deborah Ray, the Freddie E. Ray Trust by Trustee Deborah Ray, and the Ray Family Trust by Trustee Freddie E. Ray, all of whom were dismissed for lack of standing by the trial court.

Michael L. Miller and Lynsey R. Coffey, of Springfield, MO, for Respondent First Home.

Paul D. Link and Patrick Ronald Baird, of Springfield, MO, for Respondent Katzfey.

John Housley and Nicholas Austin Fax, of Springfield, MO, for Respondent Greene Co.

## WILLIAM W. FRANCIS, JR., J.

Leonard Bieri, III ("Bieri"), *pro se* appellant, appeals the judgment of the trial court, in which the court denied Bieri's "Motion to Join Leonard Bieri, III, as a Party Plaintiff," in a lawsuit filed by Scarlett Investments, LLC ("Scarlett"), against First Home Savings Bank ("the Bank"), Daniel Katzfey ("Katzfey"),[2] the Greene County Commission ("the County"), and Fidelity Title Agency of Springfield, Inc. In one point on appeal, Bieri alleges the trial court erred in failing to make required determinations, pursuant to Rule 54.04,[3] in that Bieri was a necessary party to the lawsuit. Because of numerous Rule 84.04 violations in Bieri's brief, we dismiss the appeal.

### Factual and Procedural History

In 2007, Scarlett was the initial developer of a residential subdivision known as "Bristol Park" in Greene County, Missouri. The Bank provided a $900,000.00 construction loan to Scarlett, pursuant to a promissory note secured by a deed of trust in favor of the Bank.[4] Thereafter, Scarlett sought to obtain a grading permit from the County, which required a performance bond.[5] The bond was posted in the form of a security interest on the Bank's loan pursuant to a "Security Agreement for GRADING PERMIT" ("Security Agreement") entered into October 30, 2007, between Scarlett and the Bank.[6] The Security Agreement provided that a security interest be granted to the County, as a line of credit, in the amount of $171,324.00 to act as a performance bond guaranteeing Scarlett's completion of the required infrastructure improvements in Bristol Park within a specified period of time.

Thereafter, Scarlett's project manager hired Gillespie Excavating Company, LLC ("Gillespie"), to provide "all of the construction services" required to develop Bristol Park. At some point prior to September 11, 2008, a dispute arose between Scarlett and Gillespie over the sums owed by Scarlett to Gillespie for Gillespie's services. Gillespie then filed several mechanic's liens and on March 27, 2009, filed a motion to enforce those liens (the "Mechanic's Lien action"). Bieri was allowed to intervene as a defendant in this action, but was dismissed on July 14, 2010, for lack of standing because Bieri "has filed no [mechanic's] lien and no claims have been made against him, and [he] does not have other standing to proceed in this case."

---

**2.** Katzfey is the President and CEO of First Home Savings Bank.

**3.** All rule references are to Missouri Court Rules (2017).

**4.** Upon default, the note was foreclosed upon and Bristol Park was sold at public sale on November 2, 2009.

**5.** Article IV, Section 27(B)(1.) of the Greene County Zoning Regulations requires the developer to post a performance bond, escrow agreement, lender's agreement, cash bond, cash or certified check equivalent to the value of all work to be done in the subdivision under the grading plan to control soil erosion and sedimentation.

**6.** Freddie Ray and David Ray signed on behalf of Scarlett as "managing members," and Katzfey signed on behalf of the Bank as President and CEO.

Subsequently, the Bank discontinued its line of credit to Scarlett for the Bristol Park project. On September 9, 2008, the County required Scarlett to deposit a cash bond in the amount of $97,890.00 with the Greene County Treasurer prior to recording the final plat for Bristol Park.

On April 19, 2010, the Bank filed suit due to Scarlett's default on the promissory note. On September 14, 2010, a default judgment was entered in favor of the Bank and against Scarlett and three other defendants in the amount of $1,628,209.83. The Bank then requested a writ of sequestration, seeking payment of "[a]ny monies due from the County to [Scarlett] ... for completion of Bristol Park." The court ordered the County to pay into the court's registry the bond monies due from the County to Scarlett for completion of Bristol Park, which was ultimately paid to the Bank.

Between 2010 and 2012, Bieri filed at least 6 writs and/or appeals, concerning the subject matter of this dispute, in the Missouri Court of Appeals, Southern District, and the Supreme Court of Missouri, all of which were denied. In 2011, Bieri was also denied a writ of *certiorari* to the Supreme Court of the United States.

Undeterred, in May 2013, Bieri brought an action in the United States District Court, Western District of Missouri, regarding the Bristol Park subdivision entitled, *"Leonard Bieri, III v. Greene County Planning and Zoning Department; Scarlett Investments, LLC and First Home Savings Bank,"* in which the Bank and the County were party defendants. The defendants filed motions to dismiss, which were granted. Bieri then appealed to the United States Court of Appeals for the Eighth Circuit, which denied his challenge to the dismissal of his lawsuit.

In February 2015, Bieri filed an action in the Circuit Court of Greene County entitled, *"Leonard Bieri, III, v. Commissioners of Greene County, Missouri, First Home Savings Bank, and Scarlett Investments LLC,"* Case Number 1531-CC00250, in which he once again raised issues related to his work on the Bristol Park project. That case was dismissed by the trial court with prejudice based on a

> violation of Statute of Limitations for filing Mechanic's Lien; violation Statutes of Limitations relating to other contract or tort actions; insufficient statutory compliance with Mechanic's Lien Statute; collateral estoppel; res judicata; prior election of forum (use of Federal Court); lack of standing by Plaintiff; improper splitting of causes of action; or sovereign or official immunities.

On August 24, 2015, Scarlett filed suit against the Bank, Katzfey, the Greene County Commission, and Fidelity Title Agency of Springfield, Inc.[7] An amended petition was filed on January 14, 2016.[8]

On July 27, 2016, Bieri filed a "Motion to Join Leonard Bieri, III, as a Party Plaintiff" ("Motion to Join"), asserting that he

---

**7.** Pursuant to the docket sheet, Fidelity Title was dismissed from the lawsuit on December 3, 2015.

**8.** Copies of Scarlett's original petition, and its first amended petition, were not made part of the record on appeal; however, Scarlett's second amended petition is part of the record on appeal. In its second amended petition, Scarlett asserted allegations of "COUNT I: SLANDER OF TITLE," "COUNT II: VIOLATION OF CIVIL RIGHTS," "COUNT III: WRONG-

FUL FORECLOSURE," and "COUNT IV: QUASI-CONTRACT." Scarlett's second amended petition was filed on August 26, 2016, after the court ruled on Bieri's motion to join. Without access to Scarlett's original petition, and subsequent amended petition, we do not know if the four counts asserted in the second amended petition are the same as originally pleaded by Scarlett in its original petition and first amended petition.

was a "necessary party to this action" due to his involvement as "a provider of labor and construction materials to the Bristol Park subdivision project."[9] Bieri asserted he was a third-party beneficiary of the "Security Agreement for Grading Permit" dated October 30, 2007, and/or the bond posted by Scarlett with the County in the amount of $97,890.00.

On August 2, 2016, the Bank filed suggestions in opposition to Bieri's motion to join, which were subsequently adopted by the County.

On August 8, 2016, the trial court entered an order denying Bieri's motion to join.[10] On September 7, 2016, Bieri filed a "Motion for Reconsideration to Alter or Amend Order," and on October 11, 2016, an "Addendum to Motion for Reconsideration to Alter or Amend Order." On October 17, 2016, the trial court entered its judgment and, in relevant part, denied Bieri's motion to reconsider.[11]

On October 26, 2016, Bieri filed a notice of appeal with the Supreme Court of Missouri. The Supreme Court transferred the appeal to this Court by Order of November 4, 2016. This appeal follows.

In one point on appeal, Bieri argues:

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO JOIN LEONARD BIERI, III AS A PARTY PLAINTIFF FOR FAILURE TO FOLLOW THE MANDATORY PROCEDURE AS CALLED FOR PURSUANT TO SUPREME COURT RULE OF CIVIL PROCEDURE 54.04 AND MAKE THE REQUIRED DETERMINATIONS AS TO WHETHER HE WAS NECESSARY AND OR [SIC] INDISPENSIBLE [SIC] TO THE CIVIL ACTIONS [SIC] REQUESTED RELIEF AND THE INTERESTS TO BE ADJUDICATED.

■ We cannot address the merits of Bieri's claim because of the numerous, and serious, Rule 84.04 violations in his brief. *Nichols v. Division of Employment Sec.*, 399 S.W.3d 901, 903 (Mo. App. W.D. 2013).

■ Bieri's statement of facts is wholly deficient. Rule 84.04(c) requires that "[t]he statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." This requirement "serve[s] to define the scope of the controversy and afford the appellate court an immediate, accurate, complete, and unbiased understanding of the facts of the case." *Thompson v. Flagstar Bank, FSB*, 299 S.W.3d 311, 314 (Mo. App. S.D. 2009) (internal quotation and citation omitted). Bieri's statement of facts is disorganized, contains prohibited commentary on the evidence, and legal argument containing references to statute and case law. While there are occasional references to the legal file, many purported facts lack appropriate citation to the legal file. We cannot become an advocate for Bieri by sifting through

---

9. Neither Bieri's motion to join, nor the record before us, provide any specific description of what "labor and construction materials" Bieri claims were provided by him to the Bristol Park subdivision project in 2008 and 2009, or the specific amount owed to Bieri for such "labor and construction materials."

10. Katzfey's motion to dismiss was also ordered to be treated as one for summary judgment and disposed of pursuant to Rule 74.04.

11. The judgment also ordered the Bank to be dismissed, and all counts against the County, except for Count IV of Scarlett's second amended petition, be dismissed. Thus, the only named defendants remaining in the underlying case are Katzfey and the County, the only remaining Plaintiff is Scarlett, and the only remaining claim is Count IV of Scarlett's second amended petition against the County only. All other claims have been disposed of by the trial court. The disposition of those claims is not relevant to the underlying appeal before the Court.

the legal record in search of support of facts for his legal argument. *Deloch v. Hughes*, 896 S.W.2d 668, 670 (Mo. App. E.D. 1995).

Further, Bieri's point relied on is not in compliance with Rule 84.04(d)(1). Rule 84.04(d)(1) states:

(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) Identify the trial court ruling or action that the appellant challenges;

(B) State concisely the legal reasons for the appellant's claim of reversible error; and

(C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

Bieri's point does not follow this mandatory form. As this Court has previously indicated:

The requirement that the point relied on clearly state the contention on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of appellate courts. Instead, the purpose of this rule is to give notice to the opposing party as to the precise matters that must be contended with and to inform the court of the issues presented for review.... Merely stating what errors are, without also stating why they are errors, neither complies with the rule nor preserves anything for review.

*Kyle Estate v. 21st Mortgage Corp.*, 515 S.W.3d 248, 253 (Mo. App. S.D. 2017) (internal quotations and citations omitted).

Rule 84.04(d)(5) additionally provides that the appellant "shall include a list of cases, not to exceed four, ... or other authority upon which that party principally relies." Bieri's brief fails to include these authorities after his point relied on.

Bieri's argument section is also deficient. As our Western District has indicated:

Rule 84.04(e) states that the argument section of the brief shall be limited to those errors included in the Points Relied On. We are not required on appeal to address arguments not made in the point relied on. Issues raised only in the argument portion of the brief are not preserved for review.... The Court's analysis will address only the argument properly raised in the point relied on.

*Turner v. Pence*, 514 S.W.3d 98, 104 (Mo. App. W.D. 2017) (internal quotations and citations and quotations omitted).

Here, the substance of what appears to be Bieri's argument is scattered throughout his brief, is not confined to his point relied on, and is not even confined to his argument section. For instance, in his statement of facts, he seems to argue that the trial court's denial of his motion to intervene was in error because opposing counsel committed "fraud upon the court"; Missouri's mechanic's lien statutes are unconstitutional; his due process rights have been violated; and "certain contractual and statutory duties per Missouri laws" were not adhered to by the County. In his argument section, Bieri, outside the scope of his point relied on, apparently argues that reversal is warranted because he was unprepared to argue his contentions at the hearing. Such argument is not in compliance with Rule 84.04(e), and inhibits both effective notice to respondents as to the matters to be responded to in the appeal, as well our ability to review his appeal.

Because the Rule 84.04 violations in Bieri's brief inhibit our ability to consider his

argument, and because it fails to give effective notice to respondents as to the matters complained of therein, we dismiss [12] Bieri's appeal.

NANCY STEFFEN RAHMEYER, P.J.—Concurs

JEFFREY W. BATES, J.—Concurs

12. Even if we were to consider what we discern to be the merits of Bieri's appeal, Bieri's appeal would still be ineffectual. The record reveals that Bieri failed to file a mechanic's lien, much less a timely one, in compliance with Missouri's statutory requirements. As no

party filed a claim against him in the underlying litigation, there is simply no avenue by which Bieri can argue that he has an interest in the matter to which he claims to be a necessary party.